The opinion of the court was delivered by
Elmer, J.
The cross-bill filed by the appellant in this case, prays that the bond and mortgage to the appellee, and which it is the object of the original bill of the appellee *794 to enforce, may be canceled, and the money paid refunded, the complainant tendering himself ready, and offering to re-convey the land and premises mentioned in the deed from Beach to Waddell, clear of all encumbrances, and for such further and other relief as the circumstances may require.
It is alleged in the cross-bill that the said bond and mortgage were given to secure the payment of part of the purchase money of the said land and premises ; that, at the time of the conveyance to Waddell, Beach was riot the rightful owner of all the premises conveyed, and that he well knew of the defect in his title; that he represented himself to be in possession of the whole of said premises, whereas, in truth, there was a considerable part of the same not in his possession, but in the possession of others, who then used and claimed, and still use and claim the same; and that the part so in possession of others, was material and absolutely necessary to the enjoyment of the rest of said land and premises, and without which the other part is completely valueless. The answer to this cross-bill expressly denies all fraud and misrepresentation, insists that Beach was the true owner of all the premises conveyed, denies that any part thereof was out of his possession, and avers that, by virtue of the said deed, he delivered to the complainant full and indisputable possession of the whole of the said premises.
The deed from Beach to Waddell bears date December 3d, 1835, and contains full covenants of seizin and warranty. The consideration money mentioned in the deed is the sum of eight thousand three hundred and twenty dollars, a part of which would seem to have been paid or otherwise settled between the parties, the bond and mortgage now in controversy having been given to secure the payment of two-thirds of that sum, amounting to five thousand five hundred and forty-six dollars'and sixty-six cents. At the time this deed was made, Beach’s tenant appears to have been in possession of all the premises conveyed, and soon afterwards the complainant himself took possession of the whole or some part thereof; but whether he did, in point of fact, occupy the whole as conveyed to him, is disputed, and does not very clearly *795 appear. It is sufficient, for the purposes of the present decision, to say that, he has not shown by any reliable proof that any part of the premises were in the use and occupation of other persons, or that he was in any way hindered from possessing the whole. The answer of Beach responsive to the allegations in the cross-bill, explicity denies any adverse possession, and this answer is not satisfactorily disproved. The evidence on this point is somewhat contradictory, and at best is too vague and doubtful to overcome the allegations of the answer. After the execution of the conveyance, Wad-dell made several payments in discharge of the mortgage debt, without any complaint, so far as appears, in regard to the title or possession. The last payment of five hundred dollars was as late as April 1st, 1838, nearly two years and five months after the sale, and two years after he had taken possession of the premises, so that he had ample time to ascertain how the fact was, and if he failed to do so, is certainly chargeable with gross neglect.
As to Mr. Beach’s title to the whole of the premises conveyed at the time he made the deed, as to which it is admitted the burthen of proof is on his adversary, the evidence is equally unsatisfactory. On the one hand, it would seem that the title deeds of Beach do not cover the whole lot; while on the other hand, it is proved that several years before the sale, Mr. Beach and Ichabod Carman, who owned the adjoining properly, with the friendly assistance of three of their neighbors, ascertained and fixed their boundary line as it is set forth in the deed, and that Beach afterwards occupied the premises accordingly; and there is some evidence to show that the line was then settled in accordance with the ancient possession of the respective owners. Without, however, undertaking to settle in whom the title really is, or to intimate any opinion on that point, it is enough to say that it does not belong to a court of equity to determine disputed titles to land. No allegation is made of insolvency on the part of Beach; and if it be true that there is any failure of title, Waddell has ample means of indemnity by means of the covenants in his deed. The allegations of *796 fraud and misrepresentation in regard to the title or possession of the property; are wholly unsupported by the proof, and were not much insisted on in the argument. Waddell has not been evicted, nor has any action been brought against him by anyone for any part of the premises. The general rule undoubtedly is, that in the absence of fraud, or of some circumstances equivalent to fraud, there must be a trial and eviction at law, before a grantee, who has gone into possession under covenants of title and warranty, can have relief in a court of equity against his grantor, for a return of the purchase money or of the security for it, on account of a deficiency or failure of title. This is a safe and salutary rule, which I feel no disposition to impair. Cooper Eq. R. 308; 1 J. C. R. 213; 2 Ib. 519; 2 Edw. Ch. R. 37; 1 Paige 244; 9 Ib. 443; 8 Leigh R. 659 ; 9 Ib. 556.
The counsel of the appellant, feeling the pressure of this principle, sought to take the case out of it, by insisting that Waddell was not in the position of an original complainant, seeking the aid of the court, but was in truth a defendant, making use of the,cross-bill, as he had a right to do, simply by way of defence. But I do not see how his ease is altered by the fact of his being a defendant in the original bill in this cause, filed on the mortgage. That bill is not exhibited to obtain relief upon circumstances, as. appealing to the equitable discretion of the court, but simply to enforce a legal demand by a sale or foreclosure of the mortgaged premises. The cross-bill sets up a distinct ground of relief, upon which the complainant must make out a case entitling him to the interposition of the court, upon principles of equity, or he must fail, and leave the original claim, against him in full force.
I am clearly of opinion that the decision of the Chancellor was right, and that his decree should be affirmed, with costs.